It should be noted that the file name is labeled 2A-3 even though the body of the document shows 2A-2 in the footer.  An examination of Mr. Tarnowski's emails in the April 12, 2006 time frame does not reveal messages to the Plaintiffs with this version of the PPM, as shown by the following screenshot of this portion of the EML files:



The messages relate to various investments and ventures, but I did not see any messages in this time frame sending out version

2A-2 to the Plaintiffs, or elsewhere.

19. Basically, Plaintiffs could not have had version 1A-2 or 2A-2 when they invested half of their money, because 1A-2 was created on <u>January 9, 2006</u> and version 2A-2 on <u>April 12, 2006</u>, and the previous $325,000 that was invested could therefore not have resulted from reliance on 1A-2 (or 2A-2). And version 1A-2 was not apparently authorized by Mr. Mugg, or even apparently seen by my client (there is no email from Mr. Tarnowski to Mr. Chan with version 1A-2 or 1A-4, or 2A-2, and Mr. Chan was not bcc'ed or cc'ed on the emails). So as to half of the investment fund ($325,000), there is no possible basis for Plaintiffs' testimony in the state court trial that they all had version 1A-2 or 2A-2 and relied on those versions when investing. As to the other half of the investment fund ($327,500), Plaintiffs must prove reliance and the other elements, which I contend they cannot do; my client's declaration makes clear that he had no knowledge that any false representations had been made or any intent to defraud, and therefore he lacks the scienter required under the nondischargeability law. This is consistent with the email record of Mr. Tarnowski showing that my client was not sent version 1A-2 or 1A-4, or 2A-2, that contained the disputed section. Either way, the forensic evidence/metadata and documents show that Plaintiffs scenario could not have happened in the way they described at trial.

20. In any case, while Defendant believes there was malicious intent in Plaintiffs' grossly inaccurate testimony, the Court need not actually reach that conclusion to decide this motion. The forensic and documentary evidence shows that

| | |
|---|---|
| 1 | portions of the Plaintiffs' trial testimony are factually |
| 2 | impossible, and therefore could be the result of extremely poor |
| 3 | memory on these points.  To summarize, the PPM did not contain |
| 4 | the disputed representations when $325,000 of the money was |
| 5 | invested, therefore those representations were not made and |
| 6 | could not have been relied on; and the remaining Plaintiffs |
| 7 | who invested $327,500 were unilaterally provided a revised and |
| 8 | unauthorized PPM without Mr. Mugg's or Mr. Chan's consent, or |
| 9 | even awareness (so far as I can tell and Mr. Chan has declared). |
| 10 | In any scenario, I question the elements of nondischargeability, |
| 11 | i.e., a representation, reliance, intent to defraud, and |
| 12 | causation.  Defendant seeks a summary judgment in his favor on |
| 13 | the complaint against these sophisticated, accredited investors |
| 14 | whom Defendant believes misrepresented the facts in their |
| 15 | testimony, and whom I believe misremembered the facts surrounding |
| 16 | the distribution of the PPM in a way that was favorable to them. |
| 17 |     I declare under penalty of perjury under the laws of the |
| 18 | State of California that the foregoing is true and correct. |

Date: February 1, 2019

*Andrew G. Watters*
Andrew G. Watters, Esq.

# Exhibit A

```
 1
 2            SUPERIOR COURT OF THE STATE OF CALIFORNIA
 3                     COUNTY OF CONTRA COSTA
 4                     UNLIMITED JURISDICTION
 5                            --oOo--
 6
 7
 8   MICHAEL SCOTT FRAZER, et al.,    )
                                      )
 9              Plaintiffs,           ) No. CIVMSC14-00633
                                      )
10        vs.                         ) Pages 1-134
                                      )
11   SIMON CHAN, et al.,              )
                                      )
12              Defendants.           )
                                      )
13  _____    )
                                      )
     AND RELATED CROSS-COMPLAINT.     )
14  _____    )
15
16
               Monday, July 17, 2017 at 10:08 a.m.
17
18
19
          The above-entitled matter came on regularly
20
          for hearing at the date and time above set
21
          forth before the Hon. STEVEN K. AUSTIN, Judge
22
          of the Superior Court.
23
24
25
26
               Reported by Vicki Jelley, CSR NO. 11067
27
28
```