==these two units.  So he asked me if I want to join.  I==
==said sure.  And then Simon was able to rent a unit where==
==he lived in the 3rd Ring of Beijing, and that's a very==
==popular area, you know, central Beijing.  And I shared==
==the expenses with Gary, you know, renting that place.==
==So I visited, you know, the two units.  We were toured==
==by Simon and his wife, Chanel Chan, for the units.==

    Q.    Have you ever lived in China?

    A.    No, never.

    Q.    Now, when you were there, did Defendant Simon Chan show you -- and it's number 3 here, a 1600-square-foot commercial condo with a hair salon?

    A.    Yes, yes.

    Q.    And what did he tell you about that?

    A.    That they own a unit there, and then we were told that it was rented to the salon people, $10,000 per month.  In here it says 9,000, but it -- you know, verbally they told us 10,000 per month.

    Q.    And did they talk about other investments that he owned in Beijing?

    A.    Yes.  When they toured us, us meaning Gary and me in their car, they also drove by another unit that they rented to a German guy, you know, working in Beijing, and he mentioned here it's 4,000 that they rented out, but verbally they told us it's 4,500 per month.

    Q.    And with respect to that unit, did he tell you that he owned it?

1          A.   Yes.
2          Q.   Okay.  And, now, the units at Dragonwood, did
3    you come to have an understanding that Defendant Simon
4    Chan owned other units at Dragonwood?
5          A.   Yes.  I was told by Gary -- you know, when I
6    was investing in this project, I asked a question.  I
7    said -- because on the list of the subscribers, I did
8    not see his name.  I was a little bit like -- I wouldn't
9    say surprised.  I just wonder, puzzled, why.  And then I
10   asked the question, "How come Simon did not invest?"  I
11   asked the same question.
12              Gary said, "He told me that he, himself, he
13   bought at least three units and two villas in the same
14   development, Dragonwood.
15              MR. WATTERS:  Motion to strike.  Hearsay.
16              THE COURT:  No, it's to explain her conduct,
17   not for the truth of the matter.
18              All right.  I'm going to take my break now
19   because I have another thing I have to attend to.  So
20   I'll see you back tomorrow.  It's law and motion day.
21   Sometimes that takes a little bit, but if you get here
22   at 10:00, just in case I get done in time, we'll get
23   started at 10:00.
24              MR. WALSH:  Okay, Your Honor.
25              THE COURT:  Thanks a lot.
26              MR. SAFFOURI:  Thank you, Your Honor.
27              (Adjournment at 2:51 p.m.)
28                         ---o0o---

# REPORTER CERTIFICATE

I hereby certify that the proceedings were taken at the time and place herein named; that the transcript is a true record of the proceedings as reported to the best of my ability by me, a duly certified shorthand reporter and a disinterested person, and was thereafter transcribed under my direction into typewriting by computer.

I further certify that I am not interested in the outcome of said action, nor connected with, nor related to any of the parties in said action, nor to their respective counsel.

IN WITNESS WHEREOF, I have hereunto set my hand this _____ day of _____, 2017.

_____
APRIL DAWN HEVEROH
CSR NO. 8759

```
 1                SUPERIOR COURT OF CALIFORNIA
 2                   COUNTY OF CONTRA COSTA
 3                   UNLIMITED JURISDICTION
 4
 5   MICHAEL SCOTT FRAZER, et al.,        )
                                          )
 6                 Plaintiffs,             ) No.CIVMSC14-00633
     vs.                                  )
 7                                        ) Volume IV
     SIMON CHAN, et al.,                  ) Pages 396-522
 8                                        )
                                          )
 9                 Defendants.             )
     _____)
10                                        )
     AND RELATED CROSS-COMPLAINT.          )
11   _____)
12
13
14
15          Thursday, July 20, 2017 at 10:08 a.m.
16
17
18
19          The above-entitled matter came on regularly
20          for hearing at the date and time above set
21          forth before the Hon. STEVEN K. AUSTIN, Judge
22          of the Superior Court.
23
24
25
26
27          Reported by:  April Dawn Heveroh, CSR No. 8759
28
```

```
                    INDEX OF EXAMINATION
FOR THE PLAINTIFF                                           PAGE
WITNESS:   JULIE LAM
Direct Examination by Mr. Walsh (Continued)                 403
Cross-Examination by Mr. Watters                            417
Redirect Examination by Mr. Walsh                           431


WITNESS:   JEFF CHANG                                       PAGE
Direct Examination by Mr. Walsh                             433
Cross-Examination by Mr. Watters                            449
Cross-Examination by Mr. Saffouri                           468


WITNESS:   WILLIAM CHAN                                     PAGE
Direct Examination by Mr. Walsh                             472
Cross-Examination by Mr. Watters                            481
Cross-Examination by Mr. Saffouri                           482
                          ---oOo---
FOR THE DEFENDANT
WITNESS:   SIMON CHAN                                       PAGE
Direct Examination by Mr. Watters                           495


                     INDEX OF EXHIBITS


Joint Exhibit 97 was marked for identification......  420
Joint Exhibit 97 was admitted into evidence.........  450
Joint Exhibit 98 was marked for identification......  446
Joint Exhibit 99 was marked for identification......  451
Joint Exhibit 100 was marked for identification.....  517
```

```
 1                  A P P E A R A N C E S
 2   FOR THE PLAINTIFFS:
 3        WALSH LAW FIRM
 4        BY: JAMES R. WALSH, Attorney at Law
 5        1990 N. California Boulevard, 8th Floor
 6        Walnut Creek, CA  94596
 7        T: 925-284-7400
 8        F: 866-406-8863
 9
10   FOR CROSS-DEFENDANTS, JULIE LAM, JEFF CHANG, AND TOM
     VELKEN:
11
12        RAMSEY LAW GROUP
13        BY: HUSSEIN SAFFOURI, Attorney at Law
14        3736 Mt. Diablo Boulevard, Suite 300
15        Lafayette, CA  94549
16        T: 925-284-2800
17
18   FOR DEFENDANT, SIMON CHAN:
19        BY: ANDREW G. WATTERS, Attorney at Law
20        555 Twin Dolphin Drive, Suite 300
21        Redwood City, CA  94065
22        T: 415-261-8527FOR THE DEFENDANT:
23
24   FOR DEFENDANTS, PHAN TRAN AND PEARL TRAN:
25        BY: CLINTON KILLIAN, Attorney at Law
26        1814 Franklin Street, Suite 600
27        Oakland, CA  94612
28        T: 510-500-5775
```

```
                    A P P E A R A N C E S
                         (Continued)


FOR DEFENDANT, DAVID TARNOWSKI:
     BY: DAMIAN RICKERT, Attorney at Law
     109 Jackson Street, Suite 230
     Hayward, CA  94544
     T: 510-886-9414

                         ---oOo---
```

| | | |
|---|---|---|
| 1 | CASE NUMBER: | CIVMSC14-00633 |
| 2 | CASE NAME: | FRAZER vs. CHAN, et al. |
| 3 | MARTINEZ, CALIFORNIA | THURSDAY, JULY 20, 2017 |
| 4 | DEPARTMENT 33 | HON. STEVEN K. AUSTIN |
| 5 | REPORTER: | APRIL D. HEVEROH, CSR #8759 |
| 6 | TIME: | 10:08 A.M. |

---oOo---

P R O C E E D I N G S

THE COURT: Did you guys want to do that motion for non-suit?

MR. KILLIAN: Sure, Your Honor.

THE COURT: Okay. So I have the -- for the motion for non-suit, I have Mr. Killian's brief. Did you do any brief on that?

MR. WATTERS: I didn't brief it, Your Honor. I'm just going to verbally oppose.

THE COURT: Okay. And I've got what you said in your opening statement, and the motion of non-suit is just as to Ms. Tran, right?

MR. KILLIAN: Yes, Your Honor, Pearl Tran.

THE COURT: Okay. This is all you said about Pearl Tran, so let me -- "As to Ms. Tran, Mr. Chan will show that Ms. Tran was more than just a secretary to Mr. Mugg, that Ms. Tran made hiring and firing decisions and that Ms. Tran was an officer of an entity used interchangeably by Mr. Mugg with Adept Properties. In other words, Mr. Chan will show that Ms. Tran had more

1     MR. WALSH:  No, Your Honor.
2     MR. WATTERS:  No, Your Honor.
3     THE COURT:  Okay.  Step down.  Thanks.
4     THE WITNESS:  Thank you, sir.
5     THE COURT:  Do you want to call your next
6  witness?
7     MR. WALSH:  Yes, Your Honor.  We will call
8  William Chan.
9     (Pause in proceedings.)
10    THE COURT:  Okay.  Go ahead.
11    THE CLERK:  Please raise your right hand.  You
12 do solemnly swear the testimony you are about to give in
13 the matter now pending before the Court will be the
14 truth, the whole truth and nothing but the truth?
15    THE WITNESS:  I do.
16    THE CLERK:  Please be seated.  State your name
17 for the record and spell your last name.
18    THE WITNESS:  William Chan, C-H-A-N.
19    THE COURT:  Okay.  Go ahead.
20                    DIRECT EXAMINATION
21 BY MR. WALSH:
22    Q.  Mr. Chan, are you the husband of Michelle Chan
23 who testified here recently?
24    A.  I am.
25    MR. WALSH:  Your Honor, I believe we have a
26 stipulation, and if I could state it, that Mr. Chan
27 received Exhibit 96, he read it, his testimony with
28 respect to what he relied upon is identical to that of

1  Michelle Chan in making his investment decision.
2         MR. WATTERS:  I accept, Your Honor.
3         THE COURT:  All right.  Thanks.  So stipulated.
4  BY MR. WALSH:
5      Q.  Mr. Chan, can you briefly give us your
6  background?
7      A.  Sure.  Born in California, raised here, went to
8  school at U.C. Davis, studied mathematics and computer
9  science, went into technology and have worked in a
10 number of industries, travel industry, credit cards,
11 financial services, and now in healthcare.
12     Q.  Have you ever lived in China?
13     A.  Never.
14     Q.  Have you, before this investment, ever invested
15 in Chinese real estate?
16     A.  No.
17     Q.  So I want to move quickly to the November 2008
18 meeting at Mimi's.
19     A.  Okay.
20     Q.  Were you present?
21     A.  I was.
22     Q.  Who was present at that meeting?
23     A.  Myself, Mr. Frazer, Mr. Velken, Mr. Tarnowski,
24 Mr. Mugg and Defendant Chan.
25     Q.  And who was the leader of that meeting?
26     A.  So the impression I got was that Mr. Mugg was
27 facilitating, but Mr. Chan was making the decisions on
28 the property.

# REPORTER CERTIFICATE

I hereby certify that the proceedings were taken at the time and place herein named; that the transcript is a true record of the proceedings as reported to the best of my ability by me, a duly certified shorthand reporter and a disinterested person, and was thereafter transcribed under my direction into typewriting by computer.

I further certify that I am not interested in the outcome of said action, nor connected with, nor related to any of the parties in said action, nor to their respective counsel.

IN WITNESS WHEREOF, I have hereunto set my hand this _____ day of _____, 2017.

_____
APRIL DAWN HEVEROH
CSR NO. 8759

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

BEFORE THE HONORABLE STEVEN K. AUSTIN, JUDGE

DEPARTMENT 33

MICHAEL SCOTT FRAZER, et al., )
)
              Plaintiffs, )
)
   vs. ) NO. MSC-14-00633
)
SIMON CHAN, et al., )
)
             Defendants. )
_____)
)
AND RELATED CROSS-COMPLAINT. )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

COURT TRIAL

FRIDAY, JULY 21, 2017

(Pages 523-609)

REPORTED BY:

DECEMBER MOORE, CSR No. 8718

```
                    A P P E A R A N C E S


ON BEHALF OF THE PLAINTIFF:

WALSH LAW FIRM
1990 North California Boulevard
8th Floor
Walnut Creek, CA 94596

BY:  JAMES R. WALSH, ESQ.
     jwalsh@walsh-law.com


ON BEHALF OF THE DEFENDANT AND
CROSS-COMPLAINANT SIMON CHAN:

ANDREW G. WATTERS
Attorney at Law
555 Twin Dolphin Drive, Suite 300
Redwood City, CA 94065-2133
andrew@andrewwatters.com


ON BEHALF OF CROSS-DEFENDANTS
THOMAS VELKEN, JEFF CHANG AND JULIE LAM:

RAMSEY LAW GROUP
3736 Mt. Diablo Boulevard, Suite 300
Lafayette, CA 94549

BY:  HUSSEIN SAFFOURI, ESQ.
     hussein@ramseylawgroup.com


ON BEHALF OF CROSS-DEFENDANTS
SUSIE TRAN AND PEARL TRAN:

LAW OFFICE OF CLINTON KILLIAN
1814 Franklin Street, Suite 900
Oakland, CA 94612-3457

BY:  CLINTON KILLIAN, ESQ.
     ckillianlaw@gmail.com


ON BEHALF OF CROSS-DEFENDANT
DAVID TARNOWSKI:

DAMIAN W. RICKERT
Attorney at Law
109 Jackson Street, Suite 230
Hayward, CA 94544
rickertlaw@comcast.net
```

```
 1                         I N D E X
 2    WITNESS                                              PAGE
 3    SIMON CHAN
          Direct examination by MR. WATTERS (cont.) . . .   528
 4        Cross-examination by MR. WALSH . . . . . . . . .  533
          Cross-examination by MR. KILLIAN . . . . . . . .  548
 5        Cross-examinatin by MR. SAFFOURI . . . . . . . .  565
 6    DAVID TARNOWSKI
          Direct examination by MR. RICKERT . . . . . . .   592
 7

 8

 9                       E X H I B I T S

10    Exhibit No.   Exhibit Description              Marked   Admitted

11        101       Draft PPM, 12/16/05                528      530

12        102       E-mail from David Tarnowski to     530
                    Julie Lam, 12/20/05
13
          103       Consulting and Finder's Fee        592      593
14                  Agreement between Dragonwood
                    and David Tarnowski, 11/13/05
15
           99       11/25/13 E-mail from Michelle               604
16                  Chan to Bill Chan forwarding
                    8/16/06 e-mail from Pearl Tran
17                  to David Tarnowski

18        100       Series of e-mails between Gary             604
                    Mugg, Jeff Chang, and Tom Velken,
19                  August 2012

20

21

22

23

24

25

26

27

28
```

| | |
|---|---|
| 1 | JULY 21, 2017                                          10:00 A.M. |
| 2 | ---oOo--- |
| 3 | THE COURT: Mr. Chan, why don't you come back up. |
| 4 | SIMON CHAN, |
| 5 | called as a witness on behalf of the Defendant, having |
| 6 | previously been duly sworn, resumed the stand and was examined |
| 7 | and testified as follows: |
| 8 | MR. WALSH: Your Honor, Mr. Tarnowski approached me |
| 9 | that his counsel is not available this morning. |
| 10 | THE COURT: Oh. |
| 11 | MR. WALSH: And I think he'd like to address the |
| 12 | Court. |
| 13 | THE COURT: Oh, come on up. |
| 14 | Why don't you introduce yourself. We have a new |
| 15 | court reporter. |
| 16 | MR. TARNOWSKI: Hi. I'm David Tarnowski, |
| 17 | T-a-r-n-o-w-s-k-i, and I'm a defendant in the cross-complaint |
| 18 | matter. |
| 19 | THE COURT: Uh-huh. |
| 20 | MR. TARNOWSKI: And my attorney has a hostile |
| 21 | opposing counsel and would not reschedule a hearing this |
| 22 | morning in Alameda County. |
| 23 | THE COURT: Oh. |
| 24 | MR. TARNOWSKI: So he's there now. |
| 25 | THE COURT: What kind of hearing is it? |
| 26 | MR. TARNOWSKI: He doesn't tell me about his |
| 27 | business. He only tells me what we do here. |
| 28 | So he can be here at 12:30. So he needs to put me |