James R. Walsh, CSB No. 051764
**WALSH LAW FIRM**
Attorneys at Law
1990 N. California Blvd., 8th Floor
Walnut Creek, CA 94596
Telephone:    925.284.7400
Facsimile:    866.406.8863
Email:        jwalsh@walsh-law.com

Attorneys for Michael Scott Frazer,
Alan Miller, William Chan, Michelle Chan,
Jeff Chang, Tomas Velken and Julie Lam

Hussein Saffouri, CSB No. 177863
**RAMSEY LAW GROUP**
3736 Mt. Diablo Blvd., Suite 300
Lafayette, CA 94549
Telephone: (925) 284-2002
Facsimile: (925) 402-8053
hussein@ramseylawgroup.com

Attorneys for Julie Lam and Jeff Chang

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Simon S. Chan,<br>SSN xxx xx 7191,<br><br>Debtor. | **CHAPTER 7**<br><br>**CASE NO. 18-40217 CN 7**<br><br>**ADV. NO. 18-04060**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    May 6, 2019<br>Time:   10:00 a.m.<br>Dept:   215 |
| Scott Frazer, Alan Miller, William Chan, Michelle Chan, Jeff Chang, Tomas Velken and Julie Lam<br><br>          Plaintiffs<br><br>  v.<br><br>Simon S. Chan,<br>          Defendant. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 6, 2019 at 10:00 a.m., or as soon as the matter may be heard, in Department 215 of the above-captioned court, located at 1300 Clay Street, #300, Oakland, California 94612, plaintiffs will move the Court for summary judgment of their First Amended Complaint.

Plaintiffs will seek summary judgment in their favor on their First Amended Complaint and the causes of action under 11 U.S.C.A. §§ 523(a)(2)(A) and (a)(6) stated therein, and that Defendant's debt to the Plaintiffs is nondischargeable. The basis for summary judgment is that the judgment finding Defendant liable to Plaintiffs for fraud, entered in *Frazer v. Chan*, Contra Costa County Superior Court case no. CIVMSC-14-00633 establishes as a matter of collateral estoppel each of the elements of Plaintiffs' nondischargeability claims under 11 U.S.C.A. §§ 523(a)(2)(A) and (a)(6). The state court judgment is therefore binding on Defendant, and the amounts Defendant owes Plaintiffs under that judgment are nondischargeable.

This motion is based upon this notice of motion and motion, the memorandum of points and authorities below and accompanying request for judicial notice, and the files and records of the Court, and any oral argument that the Court may receive at the hearing.

| | |
|---|---|
| Dated: March 28, 2019 | Ramsey Law Group |
| | /s/ Hussein Saffouri |
| | Attorneys for Julie Lam and Jeff Chang |
| | |
| Dated: March 28, 2019 | Walsh Law Firm |
| | /s/ James R. Walsh |
| | Attorneys for Michael Scott Frazer, Alan Miller, William Chan, Michelle Chan, Jeff Chang, Tomas Velken and Julie Lam |

**MEMORANDUM OF POINTS AND AUTHORTIES**

# Table of Contents

I. INTRODUCTION ..................................................................................................6

II. FACTUAL AND PROCEDURAL BACKGROUND.......................................7

III. ARGUMENT .....................................................................................................10

    A. Issue preclusion (collateral estoppel) is proper grounds for summary judgment where it bars re-litigation of an issue previously decided.....................10

    B. California's law of collateral estoppel applies in this case to give issue preclusive effect to the State Court Judgment, establishing the elements of the Plaintiffs' nondischargeability claims ........................................................11

    C. The elements of the Plaintiffs' § 523(a)(2)(A) claim are all decided in the State Court Judgment ...............................................................................12

    D. The elements of the Plaintiffs' § 523(a)(6) claim are also decided in the State Court Judgment because it awards punitive damages for fraud..................14

IV. CONCLUSION..................................................................................................16

# MEMORANDUM OF POINTS AND AUTHORTIES

## Table of Authorities

**Cases**

*Barker v. Hull*, 191 Cal.App.3d 221 (1987) .................................................................................. 11

*Bugna v. McArthur (In re Bugna),* 33 F.3d 1054 (9th Cir.1994) .................................................. 10

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ..................................................................................................................................... 9

*Clark v. Bear Stearns & Co., Inc.,* 966 F.2d 1318 (9th Cir.1992) ................................................ 11

*Gallenkamp v. Superior Court*, 221 Cal.App.3d 1, 10 (1990) ...................................................... 11

*Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) ................................. 10

*In re Bammer,* 131 F.3d 788 (9th Cir.1997) ................................................................................. 14

*In re Cecchini,* 780 F.2d 1440 (9th Cir.1986) ............................................................................... 14

*In re Diamond,* 285 F.3d 822 (9th Cir.2002) ........................................................................ 12, 13

*In re Franklin*, 179 B.R. 913 (Bankr. E.D. Cal. 1995) ................................................................. 12

*In re Jogert, Inc.,* 950 F.2d 1498 (9th Cir.1991) .......................................................................... 12

*In re Kelly,* 182 B.R. 255, 258 (9th Cir. BAP 1995) .................................................................... 11

*In re Khaligh,* 338 B.R. 817 (9th Cir. BAP 2006) ....................................................................... 10

*In re Molina*, 228 B.R. 248 (B.A.P. 9th Cir. 1998) ..................................................................... 14

*Lucido v. Superior Court,* 51 Cal.3d 335 (1990) ......................................................................... 11

*Marrese v. Am. Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) ..................................................................................................... 10

*Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) .............................................................................................................. 10

*Mueller v. J. C. Penney Co.* 173 Cal.App.3d 713 (1985) ............................................................. 11

*Stewart v. Ragland,* 934 F.2d 1033 (9th Cir.1991) ...................................................................... 12

*Todhunter v. Smith*, 219 Cal. 690 (1934) ..................................................................................... 11

*Younie v. Gonya (In re Younie),* 211 B.R. 367 (9th Cir. BAP 1997) .......................................... 12

**Statutes**

11 U.S.C.A. § 523(a)(2)(A) ................................................................................................. passim

11 U.S.C.A. § 523(a)(6) ....................................................................................................... passim

28 U.S.C. § 1738 ......................................................................................................................... 10

Cal.Civ.Code § 3294 ................................................................................................................... 14

**Other Authorities**

9 Witkin Sum. Cal. Law Torts § 772 ..................................................................................... 8, 13

Rest.2d Judgments, § 27 ............................................................................................................. 11

## I. INTRODUCTION

The Court should grant summary judgment in favor of Plaintiffs on their First Amended Complaint, and hold Defendant's debt to Plaintiffs nondischargeable because the findings of the Contra Costa County Superior Court in its judgment awarding Plaintiffs compensatory and punitive damages against Defendant for fraud are binding on Defendant in this case. The findings in the state court judgment establish as a matter of collateral estoppel each of the elements of Plaintiffs' claims under 11 U.S.C.A. §§ 523(a)(2)(A) and (a)(6), and, therefore, that the amounts Defendant owes the Plaintiffs as stated in that judgment are nondischargeable due to fraud.

Issue preclusion applies in nondischargeability proceedings such as this one to give binding effect to a prior state court judgment. Where a prior state court judgment is found to have issue preclusive effect, summary judgment is proper. The state court judgment in this case has such issue preclusive effect because it decided each of the issues posed in the nondischargeability claims before this Court.

The elements of fraud under California law are identical to the elements of fraud under § 523(a)(2)(A). Thus the issues posed to the bankruptcy court in a § 523(a)(2)(A) claim are identical to those decided by California state court judgment finding fraud. Furthermore, an award of punitive damages for fraud under California law includes the additional element of intent under § 523(a)(6). Thus the issues posed to the bankruptcy court in a § 523(a)(6) claim are identical to those decided by a California judgment awarding punitive damages for fraud under state law.

As a result, in this case, the state court judgment conclusively establishes, as a matter of collateral estoppel, each of the elements of Plaintiffs' §§ 523(a)(2)(A) and (a)(6) claims because it finds Defendant liable for fraud against Plaintiffs and awards Plaintiffs compensatory and punitive damages against Defendant as a result.

In sum, the superior court's judgment has issue preclusive effect in this case, and the Court should grant summary judgment in Plaintiffs' favor and find Defendant's debt

nondischargeable. Indeed, the state court found Defendant to be a crook and a liar. He cannot get around that here.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Chan was the driving force behind an investment scheme which defrauded the Plaintiffs of hundreds of thousands of dollars. Request for Judicial Notice ["RJN"] Exh. 1 (Statement of Decision ["SD"] at 1:19-2:1). As a result of that scheme, and due to Defendant's incompetence and dishonesty, instead of participating in the purchase, lease and sale of two multi-unit condominium buildings in Beijing, China, as Defendant represented they would, the Plaintiffs were left with two empty, partially finished units in a near-vacant high-rise building in Beijing which are held in Defendant's name. *Id.*

Defendant was the only promoter of this scheme with any business experience in China, and was held out to investors as a Manager of the LLCs set up to carry out the investments. SD at 2:15-18. The PPM identified Chan as the Manager, indicated that Management had extensive experience in the investment real estate market in China, and stated that Defendant Chan had been successfully developing real estate opportunities in China. RJN Exh. 1 (SD at 2:26-3:8). None of this was true. RJN Exh. 1 (SD at 3:10).

Chan received funds from Plaintiffs, but he never provided an accounting or any records reflecting disbursements from these funds. RJN Exh. 1 (SD at 5:11-25; 6:1-7). Instead, Defendant deposited the funds into his personal bank accounts, and placed title to the units into his own name. RJN Exh. 1 (SD at 5:7-8; 6:5-7). Defendant kept all of this concealed from Plaintiffs, even when they met with him to get information about their investments, until well after they filed litigation against him. RJN Exh. 1 (SD at 5:8-9; 7:7-16). Instead, he made misrepresentations to them about the status of the investment, and its prospects. *Id*. After the death of another promoter of the investment scheme and Plaintiffs gained access to his records, they learned for the first time that their investment funds had been forwarded to Defendant's personal accounts in China, and they filed suit in the California Superior Court. RJN Exh. 1 (SD

at 7:26-8:3). That action, *Frazer et al. v. Chan*, Contra Costa County Superior Court case no. CIVMSC-14- 00633 (the "State Court Case"), was tried to the court in July, 2017.

At the conclusion of the trial, the court in the State Court Case ruled on the following causes of action stated in Plaintiffs' second amended complaint: intentional fraud and deceit (first cause of action), negligent misrepresentation (second cause of action), breach of fiduciary duty (fourth cause of action), unfair business practice (fifth cause of action) and unjust enrichment (sixth cause of action). The court concluded that "Plaintiffs are entitled to recover under each of these legal theories except for the second cause of action."[1] RJN Exh. 1 (SD at 8:7-12). The court also found against Defendant on the claims in his cross-complaint. RJN Exh. 1 (SD at 15:20-16:2; 16:19-21; 16: 22-17:2; 17:4-7).

The Superior Court supported its ruling on Plaintiffs' cause of action with a lengthy Statement of Decision. The Statement of Decision explained the court's finding on Plaintiffs' cause of action for Intentional Fraud and Deceit as follows:

> Intentional Fraud and Deceit
>
> The elements of fraud are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." 9 Witkin Sum. Cal. Law Torts § 772. "It is not essential to liability for fraud that the person charged should have received any benefit." Ibid.
>
> All of the elements of fraud are present in this case. Defendant Chan knowingly misrepresented his background and experience in developing and managing Chinese real estate in the PPM. He did this to induce Plaintiffs' reliance on his expertise so that they would invest in Dragonwood. Plaintiffs' reliance was actual and justified. They have also suffered resulting damage through the loss of the money they invested. Defendant Chan's fraudulent conduct and intentional concealment also occurred with respect to the commingling of funds detailed above. The Dragonwood Operating Agreement represented that the funds invested with the company would not be commingled with the manager's personal assets and that the funds and assets of the company would not be employed in any manner except for the exclusive benefit of the company. These representations were also knowingly false as evidenced by Defendant Chan's commingling of investor funds with his personal accounts and his holding title to the units in his

---

[1] Plaintiffs request that the Court take judicial notice of the state court judgment and statement of decision pursuant to FRE 201.

8

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

> name and his wife's name, both of which occurred almost immediately after the Plaintiffs made their investment. Evidence of his fraudulent intent is also clear in his destruction of all written records regarding the purchase and build-out of the units, as well as his failure to disclose that he had left the company in 2008 and moved back to the United States, thereby essentially abandoning these investment properties.

RJN Exh. 1 (SD at 8:14-9:15). The superior court awarded Plaintiffs the following relief:

> Julie Lam: $212,500 investment plus $160,609 interest. Total $373,109.
>
> Scott Frazer: $150,000 investment plus $113,371 interest. Total $263,371.
>
> Jeff Chang: $75,000 investment plus $56,685 interest. Total $131,686.
>
> Bill &Michelle Chan: $75,000 investment plus $56,685 interest. Total $131,686.
>
> Tom Velken: $75,000 investment plus $56,685 interest. Total $131,686.
>
> Alan Miller: $75,000 investment plus $56,685 interest. Total $131,686.

RJN Exh. 1 (SD at 14:5-10). The superior court also imposed a constructive trust over Defendant's interest in the properties in China (RJN Exh. 1 (SD at 14:12-13)) and found Plaintiffs to be entitled to punitive damages. RJN Exh. 1 (SD 17:17-18).

After the court in the State Court Case issued its Statement of Decision, Defendant commenced this bankruptcy proceeding. Plaintiffs sought and obtained relief from the automatic stay to procure a monetary judgment in the State Case, including punitive damages as set forth in a stipulation between Plaintiffs and the Chapter 7 Trustee. RJN Exh. 2 (Stipulation for Entry of Judgment); and RJN Exh. 3 (Order for Relief from Stay). Following entry of the order for relief from stay, and based on the stipulation between Plaintiffs and the Chapter 7 Trustee, the superior court entered judgment (the "State Court Judgment") in favor of Plaintiffs and against Defendant awarding Plaintiffs compensatory and punitive damages. RJN Exh. 4 (Judgment of the Contra Costa County Superior Court).

Plaintiffs also filed this adversary action, in which they assert 11 U.S.C.A. §§ 523(a)(2)(A) and (a)(6) claims for relief, as established by this Court's June 18, 2018 order

granting in part and denying in part Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint. RJN Exh. 5 (Order Granting in Part and Denying in Part Defendant's Motion to Dismiss and Order Continuing Status Conference entered in this action on June 19, 2018).

During the pendency of this matter, Defendant appealed the State Court judgment. On December 10, 2018, the California Court of Appeal dismissed his appeal as untimely, and held that Defendant was barred from filing another appeal. RJN Exh. 6 (Decision of the California Court of Appeal in the State Court Case).

Following the ruling of the Court of Appeal, Defendant filed a petition for review with the California Supreme Court. On February 18, 2019 the California Supreme Court denied Defendant's petition for review. RJN Exh. 7 (Order of the California Supreme Court in the State Court Case). On March 4, 2019 the California Court of Appeal issued a remittitur certifying that the decision entered in the State Court Case is final. RJN Exh. 8 (Remittitur of the California Court of Appeal in the State Court Case).

### III. ARGUMENT
#### A. *Issue preclusion (collateral estoppel) is proper grounds for summary judgment where it bars re-litigation of an issue previously decided.*

A bankruptcy court may grant summary judgment when the pleadings and evidence demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The issue preclusive effect of a prior state court judgment may serve as the basis for granting summary judgment in dischargeability proceedings. *Grogan v. Garner,* 498 U.S. 279, 284–85 & n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (holding that the doctrine of issue preclusion applies in bankruptcy court actions seeking to except debts from discharge); *Bugna v. McArthur (In re Bugna),* 33 F.3d 1054, 1056 (9th Cir.1994); see also *In re Khaligh,* 338 B.R. 817, 832 (9th Cir. BAP 2006).

Thus, so long as a creditor demonstrates that the elements of issue preclusion are satisfied, the bankruptcy court must apply collateral estoppel on an issue fully and fairly litigated in another court. *In re Bugna,* 33 F.3d at 1057-58. In determining the collateral estoppel effect of a state court judgment, federal courts apply that state's law of collateral

estoppel." *Id.* at 1057; *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984) (Federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered."); *Nourbakhsh,* 67 F.3d , 798, 800 (9th Cir. 1995) (*citing Marrese v. Am. Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 1331–32, 84 L.Ed.2d 274 (1985) and 28 U.S.C. § 1738, the Full Faith and Credit statute).

### B. California's law of collateral estoppel applies in this case to give issue preclusive effect to the State Court Judgment, establishing the elements of the Plaintiffs' nondischargeability claims

Under California collateral estoppel law, the State Court Judgment has collateral estoppel effect with respect to the Plaintiffs' nondischargeability claims in this case. Specifically its rulings in favor of the Plaintiffs on their fraud claims in the State Court Case establish each element of the nondischargeability claims in this case. As a result, summary judgment in favor of the Plaintiffs is appropriate on the nondischargeability claims.

Under California law, the application of collateral estoppel requires that:

> (1) The issue sought to be precluded from relitigation must be identical to that decided in a former proceeding;
>
> (2) The issue must have been actually litigated in the former proceeding;
>
> (3) It must have been necessarily decided in the former proceeding;
>
> (4) The decision in the former proceeding must be final and on the merits; and
>
> (5) The party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Clark v. Bear Stearns & Co., Inc.,* 966 F.2d 1318, 1320 (9th Cir.1992)*; In re Kelly,* 182 B.R. 255, 258 (9th Cir. BAP 1995), *aff'd,* 100 F.3d 110 (9th Cir.1996); *see also Lucido v. Superior Court,* 51 Cal.3d 335, 341 (1990), *cert. denied,* 500 U.S. 920, 111 S.Ct. 2021, 114 L.Ed.2d 107 (1991). If these elements are satisfied, the first judgment "operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action." *Todhunter v. Smith*, 219 Cal. 690, 695 (1934).

Each of these elements is satisfied in this case with respect to both the §523(a)(2)(A) and the § 523(a)(6) claims.

There is no doubt that the elements of the fraud claims were actually litigated and necessarily decided in the State Case, as those claims were tried to judgment. SD at 8:7-12. "The Restatement Second of Judgments provides: 'When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.' (Rest.2d Judgments, § 27, p. 250.)" (*Barker v. Hull*, 191 Cal.App.3d 221, 226 (1987), *quoting* Rest.2d, Judgments § 27, Comment d. As a result, the second and third elements of collateral estoppel are satisfied.

Also, the State Court Judgment is final and free from further review, as defendant has exhausted his appeals. "For purposes of collateral estoppel, a judgment free from direct attack is a final judgment." *Mueller v. J. C. Penney Co.* 173 Cal.App.3d 713, 719 (1985). Indeed, following the California Court of Appeals' dismissal of defendant's appeal, and the California Supreme Court's denial of his petition for review, the remittitur of the Court of Appeal vested finality to the State Court Judgment. *Gallenkamp v. Superior Court*, 221 Cal.App.3d 1, 10 (1990); *see* RJN Exhs. 6-8. As a result, the fourth element of collateral estoppel is satisfied.

There is also no doubt that the same parties are involved in both proceedings; the plaintiffs and the defendant in this case are identical to the parties, and in the same posture, as in the State Case. As a result, the fifth element of collateral estoppel is satisfied.

Thus, the second through fifth elements of collateral estoppel are satisfied. As discussed in detail in below, the first element of collateral estoppel is also met, as each element of the Plaintiffs' §523(a)(2)(A) and the §523(a)(6) claims was decided in the State Court Judgment's ruling on the Plaintiffs' causes of action for intentional fraud and deceit and for negligent misrepresentation.

### C. The elements of the Plaintiffs' § 523(a)(2)(A) claim are all decided in the State Court Judgment

A judgment which finds that the elements of fraud under California law exist also establishes that elements of nondischargeable fraud in bankruptcy under § 523(a)(2)(A) exist, because the elements of California civil fraud are identical to the essential elements of

nondischargeable fraud in bankruptcy under § 523(a)(2)(A). *In re Franklin*, 179 B.R. 913, 928 (Bankr. E.D. Cal. 1995)

To establish that a debt is nondischargeable, plaintiffs must show that (1) the debtor made the representations; (2) at the time he knew they were false; (3) he made them with the intention and purpose of deceiving the creditor; (4) the creditor relied on such representations; and (5) the creditor sustained alleged loss and damage as the proximate result of such representations. *In re Diamond,* 285 F.3d 822, 827 (9th Cir.2002). These elements "mirror the elements of common law fraud" and match those for actual fraud under California law, which requires that plaintiffs show: (1) misrepresentation; (2) knowledge of the falsity of the representation; (3) intent to induce reliance; (4) justifiable reliance; and (5) damages.[2] *In re Jogert, Inc.,* 950 F.2d 1498, 1504 (9th Cir.1991) (*quoting Stewart v. Ragland,* 934 F.2d 1033, 1043 (9th Cir.1991)); *see also Younie v. Gonya (In re Younie),* 211 B.R. 367, 373–74 (9th Cir. BAP 1997), *aff'd,* 163 F.3d 609 (9th Cir.1998) (table decision).

The State Court Judgment ruled in favor of plaintiffs on each of the elements of their fraud claims, finding in their favor on each of the elements of their claim for Intentional Fraud and Deceit as follows:

> Intentional Fraud and Deceit
>
> The elements of fraud are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." 9 Witkin Sum. Cal. Law Torts § 772. "It is not essential to liability for fraud that the person charged should have received any benefit." Ibid.
>
> All of the elements of fraud are present in this case. Defendant Chan knowingly misrepresented his background and experience in developing and managing Chinese real estate in the PPM. He did this to induce Plaintiffs' reliance on his expertise so that they would invest in Dragonwood. Plaintiffs' reliance was actual and justified. They have also suffered resulting damage through the loss of the money they invested. Defendant Chan's fraudulent conduct and intentional concealment also occurred with respect to the commingling of funds detailed above. The Dragonwood Operating Agreement represented that the funds invested with the

---

[2] Under California law, the elements of promissory fraud are identical to the elements of common law fraud. *Service by Medallion, Inc. v. Clorox Co.,* 44 Cal.App.4th 1807, 1816 (1996).

13

> company would not be commingled with the manager's personal assets and that the funds and assets of the company would not be employed in any manner except for the exclusive benefit of the company. These representations were also knowingly false as evidenced by Defendant Chan's commingling of investor funds with his personal accounts and his holding title to the units in his name and his wife's name, both of which occurred almost immediately after the Plaintiffs made their investment. Evidence of his fraudulent intent is also clear in his destruction of all written records regarding the purchase and build-out of the units, as well as his failure to disclose that he had left the company in 2008 and moved back to the United States, thereby essentially abandoning these investment properties.

RJN Exh. 1 (SD at 8:14-9:15). In short, the State Court Judgment decides, in Plaintiffs' favor that there was, by Defendant: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage," which constitute each of the elements each of the elements that establish a debt is nondischargeable: (1) the debtor made the representations; (2) at the time he knew they were false; (3) he made them with the intention and purpose of deceiving the creditor; (4) the creditor relied on such representations; and (5) the creditor sustained alleged loss and damage as the proximate result of such representations.[3] *In re Diamond,* 285 F.3d at 827.

In sum, the superior court's final judgment expressly and in detail decides each of the elements of actual fraud under California law, which necessarily decides the identical elements of nondischargeable fraud in bankruptcy under § 523(a)(2)(A). The elements of Plaintiffs' § 523(a)(2)(A) claim are therefore established and may not be relitigated, and judgment in favor of Plaintiffs on that claim is proper as a matter of law.

### D. The elements of the Plaintiffs' § 523(a)(6) claim are also decided in the State Court Judgment because it awards punitive damages for fraud

The State Court Judgment also establishes the elements of nondischargeability under § 523(a)(6) because it awards the Plaintiffs punitive damages. The elements of nondischargeability under § 523(a)(6) elements are: (1) a wrongful act, (2) done intentionally,

---

[3] The element of damages is established, of course, because the superior court granted the Plaintiffs damages. RJN Exh. 1 (SD at 14:5-10); RJN Exh. 4 (State Court Judgment at 2:8-17 and 17:5-10).

14

(3) which necessarily causes injury, and (4) is done without just cause or excuse. *In re Cecchini,* 780 F.2d 1440, 1443 (9th Cir.1986). This definition does not require malice or a showing of an intent to injure, but rather it requires only an intentional act which causes injury. *In re Bammer,* 131 F.3d 788, 791 (9th Cir.1997).

An award by a California court of punitive damages for fraud necessarily includes a finding of malice and thus satisfies that element under § 523(a)(6). *In re Molina*, 228 B.R. 248, 251–52 (B.A.P. 9th Cir. 1998) That is because under Cal.Civ.Code § 3294 intent to injure is a prerequisite to such an award. Cal.Civ.Code § 3294 provides in relevant part as follows:

> (a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.
>
> ....
>
> (c) As used in this section, the following definitions shall apply:
>
> ....
>
> (3) 'Fraud' means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Thus, an award of punitive damages under Cal.Civ.Code § 3294 establishes three of the four elements of nondischargeability under § 523(a)(6): a wrongful act, done intentionally, and intended to injure. *In re Molina*, 228 B.R. at 251–52.

Thus, in this case, the superior court's finding that Plaintiffs were entitled to punitive damages established that Defendant engaged in: a wrongful act, done intentionally, and intended to injure.[4] RJN Exh. 1 (SD 17:17-18); RJN Exh. 4 (State Court Judgment at 2:15-17). The superior court's award of damages to the Plaintiffs established the fourth element of Plaintiffs' § 523(a)(6) claim. RJN Exh. 1 (SD at 14:5-10; RJN Exh. 4 (State Court Judgment at 2:8-17 and 17:5-10). Thus, the State Court Judgment established each of the elements of nondischargeability under § 523(a)(6). Its findings have collateral estoppel in this case and are

---

[4] The superior court ruled in its Statement of Decision that the Plaintiffs were entitled to punitive damages, but left the amount to be determined at a later phase of the case. The amount was ultimately decided by stipulation between the Plaintiffs and the Chapter 7 Trustee.

15

binding, and as a result judgment in favor of Plaintiffs on this claim too, is proper as a matter of law.

## IV. CONCLUSION

For the reasons discussed above, the Court grant summary judgment in favor of Plaintiffs on the causes of action for 11 U.S.C.A. §§ 523(a)(2)(A) and (a)(6) stated by their First Amended Complaint, and hold Defendant's debt to Plaintiffs as set forth in the State Court Judgment, nondischargeable.

Dated: March 28, 2019        Ramsey Law Group

/s/ Hussein Saffouri

Attorneys for Julie Lam and Jeff Chang


Dated: March 28, 2019        Walsh Law Firm

/s/ James R. Walsh

Attorneys for Michael Scott Frazer, Alan Miller, William Chan, Michelle Chan, Jeff Chang, Tomas Velken and Julie Lam