James R. Walsh, CSB No. 051764
**WALSH LAW FIRM**
Attorneys at Law
1990 N. California Blvd., 8th Floor
Walnut Creek, CA 94596
Telephone:     925.284.7400
Facsimile:     866.406.8863
Email:     jwalsh@walsh-law.com

Attorneys for Michael Scott Frazer,
Alan Miller, William Chan, Michelle Chan,
Jeff Chang, Tomas Velken and Julie Lam

Hussein Saffouri, CSB No. 177863
**RAMSEY LAW GROUP**
3736 Mt. Diablo Blvd., Suite 300
Lafayette, CA 94549
Telephone: (925) 284-2002
Facsimile: (925) 402-8053
hussein@ramseylawgroup.com

Attorneys for Julie Lam and Jeff Chang

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Simon S. Chan, <br> SSN xxx xx 7191, <br><br> Debtor. | **CHAPTER 7** <br><br> **CASE NO. 18-40217 CN 7** <br><br> **ADV. NO. 18-04060** <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| Scott Frazer, Alan Miller, William Chan, Michelle Chan, Jeff Chang, Tomas Velken and Julie Lam <br><br> Plaintiffs <br> v. <br> Simon S. Chan, <br> Defendant. | Date:     May 6, 2019 <br> Time:     10:00 a.m. <br> Dept:     215 |

i

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

# Table of Contents

I. INTRODUCTION ..........................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND......................................................1

III. ARGUMENT ................................................................................................................5

    A. Issue preclusion (collateral estoppel) prevents reconsideration of the issues decided by the State Court and conclusively establishes the validity of Plaintiffs' claims in this action and bars Defendant's motion for summary judgment..........................................................................................................5

    B. California's law of collateral estoppel applies in this case to give issue preclusive effect to the State Court Judgment, establishing the elements of the Plaintiffs' nondischargeability claims ...............................................................5

    C. The elements of the Plaintiffs' § 523(a)(2)(A) claim are all decided in the State Court Judgment ................................................................................................7

    D. The elements of the Plaintiffs' § 523(a)(6) claim are also decided in the State Court Judgment because it awards punitive damages for fraud.....................9

    E. This Court may not sidestep collateral estoppel by reviewing the issues conclusively decided by the final State Court judgment as though it were a court of appeal. ..........................................................................................................10

    F. Defendant's motion is not a motion for summary judgment because it asks the Court to adjudicate matters which were disputed in the State Court trial........11

IV. CONCLUSION.............................................................................................................11

# Table of Authorites

**Cases**

*Atlantic Coast Line R. Co. v. Locomotive Engineers*, 90 S. Ct. 1739 (1970) ...............................12

*Barker v. Hull*, 191 Cal.App.3d 221, 226 (1987)...........................................................................7

*Bugna v. McArthur (In re Bugna),* 33 F.3d 1054 (9th Cir.1994) ....................................................5

*Clark v. Bear Stearns & Co., Inc.,* 966 F.2d 1318 (9th Cir.1992)*;*..................................................6

*District of Columbia Court of Appeals v. Feldman,* 103 S. Ct. 1303 (1983).................................12

*Gallenkamp v. Superior Court*, 221 Cal.App.3d (1990) .................................................................7

*Grogan v. Garner,* 498 U.S. 279 (1991) ..........................................................................................5

*In re Bammer,* 131 F.3d 788 (9th Cir.1997) ..................................................................................10

*In re Cecchini,* 780 F.2d 1440 (9th Cir.1986)................................................................................10

*In re Diamond,* 285 F.3d 822 (9th Cir.2002) ..................................................................................8

*In re Franklin*, 179 B.R. 913 (Bankr. E.D. Cal. 1995) ....................................................................8

*In re Jogert, Inc.,* 950 F.2d 1498 (9th Cir.1991).............................................................................8

*In re Khaligh,* 338 B.R. 817, 832 (9th Cir. BAP 2006) ..................................................................5

*In re Molina*, 228 B.R. 248 (B.A.P. 9th Cir. 1998) ......................................................................10

*Lucido v. Superior Court,* 51 Cal.3d 335 (1990) ...........................................................................6

*Marrese v. Am. Academy of Orthopaedic Surgeons,* 470 U.S. 373 (1985) ....................................6

*Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75(1984) ............................................5

*Mueller v. J. C. Penney Co.* 173 Cal.App.3d 713 (1985) ...............................................................7

*Nourbakhsh,* 67 F.3d , 798 (9th Cir. 1995)......................................................................................6

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) ......................................................................12

*Stewart v. Ragland,* 934 F.2d 1033 (9th Cir.1991) ........................................................................8

*Todhunter v. Smith*, 219 C. 690 (1934)...........................................................................................7

*Worldwide Church of God v. McNair*, 805 F.2d 888 (9th Cir. 1986)...........................................12

*Younie v. Gonya (In re Younie),* 211 B.R. 367 (9th Cir. BAP 1997)..............................................9

**Statutes**

28 U.S.C. § 1738 ................................................................................................................. 6

Cal.Civ.Code § 3294 ........................................................................................................ 11

**Other Authorities**

9 Witkin Sum. Cal. Law Torts § 772 ............................................................................. 3, 9

Fed. R. Civ. P. 56 ............................................................................................................... 1

Rest.2d Judgments, § 27 .................................................................................................... 7

iii

## I. INTRODUCTION

The Court must deny defendant's motion for summary judgment because it is barred by the doctrine of collateral estoppel (also known as issue preclusion). Indeed, Defendant's motion asks the Court to reconsider the very issues which the Contra Costa County Superior Court adjudicated in its now-final judgment in the state-court action between the parties and which have collateral estoppel effect in this case. The Court, of course cannot reconsider those issues, and Defendant is barred from relitigating them.

Defendant also argues that the Court can disregard the doctrine of issue preclusion and review the state court judgment and its rulings as a court of appeal. That, too, this Court cannot do. There are no exceptions to the applicability of collateral estoppel to this case. Moreover, this Court does not have the authority to re-examine the final rulings of a state court.

Finally, Defendant's motion must be denied because it is not a motion for summary judgment at all. A summary judgment motion asks the court to determine that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Defendant's motion, instead, asks the Court try the case on his papers and rule on disputed evidence from trial which Defendant has selectively chosen in support of his motion. Of course, there is no basis for the Court to do so, and, more importantly, because the motion is based on disputed evidence, it must be denied.

In short, Defendant's motion is barred by collateral estoppel, asks the Court for relief which it cannot grant, and is not a valid motion for summary judgment. As a result, the Court must deny Defendant's motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Chan was the driving force behind an investment scheme which defrauded the Plaintiffs of hundreds of thousands of dollars. Request for Judicial Notice ["RJN"] Exh. 1 (Statement of Decision ["SD"] at 1:19-2:1). As a result of that scheme, and due to Defendant's incompetence and dishonesty, instead of participating in the purchase, lease and sale of two multi-unit condominium buildings in Beijing, China, as Defendant represented they would, the

1

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Case: 18-04060    Doc# 57    Filed: 04/19/19    Entered: 04/19/19 14:57:29    Page 5 of 16

Plaintiffs were left with two empty, partially finished units in a near-vacant high-rise building in Beijing which are held in Defendant's name. *Id.*

Defendant was the only promoter of this scheme with any business experience in China, and was held out to investors as a Manager of the LLCs set up to carry out the investments. SD at 2:15-18. The PPM identified Chan as the Manager, indicated that Management had extensive experience in the investment real estate market in China, and stated that Defendant Chan had been successfully developing real estate opportunities in China. RJN Exh. 1 (SD at 2:26-3:8). None of this was true. RJN Exh. 1 (SD at 3:10).

Chan received funds from Plaintiffs, but he never provided an accounting or any records reflecting disbursements from these funds. RJN Exh. 1 (SD at 5:11-25; 6:1-7). Instead, Defendant deposited the funds into his personal bank accounts, and placed title to the units into his own name. RJN Exh. 1 (SD at 5:7-8; 6:5-7). Defendant kept all of this concealed from Plaintiffs, even when they met with him to get information about their investments, until well after they filed litigation against him. RJN Exh. 1 (SD at 5:8-9; 7:7-16). Instead, he made misrepresentations to them about the status of the investment, and its prospects. *Id*. After the death of another promoter of the investment scheme and Plaintiffs gained access to his records, they learned for the first time that their investment funds had been forwarded to Defendant's personal accounts in China, and they filed suit in the California Superior Court. RJN Exh. 1 (SD at 7:26-8:3). That action, *Frazer et al. v. Chan*, Contra Costa County Superior Court case no. CIVMSC-14- 00633 (the "State Court Case"), was tried to the court in July, 2017.

At the conclusion of the trial, the court in the State Court Case ruled on the following causes of action stated in Plaintiffs' second amended complaint: intentional fraud and deceit (first cause of action), negligent misrepresentation (second cause of action), breach of fiduciary duty (fourth cause of action), unfair business practice (fifth cause of action) and unjust enrichment (sixth cause of action). The court concluded that "Plaintiffs are entitled to recover under each of these legal theories except for the second cause of action." [1] RJN Exh. 1 (SD at 8:7-12). The court

---

[1] Plaintiffs request that the Court take judicial notice of the state court judgment and statement of decision pursuant to FRE 201.

2

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

also found against Defendant on the claims in his cross-complaint. RJN Exh. 1 (SD at 15:20-16:2; 16:19-21; 16: 22-17:2; 17:4-7).

The Superior Court supported its ruling on Plaintiffs' cause of action with a lengthy Statement of Decision. The Statement of Decision explained the court's finding on Plaintiffs' cause of action for Intentional Fraud and Deceit as follows:

> Intentional Fraud and Deceit
>
> The elements of fraud are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." 9 Witkin Sum. Cal. Law Torts § 772. "It is not essential to liability for fraud that the person charged should have received any benefit." Ibid.
>
> All of the elements of fraud are present in this case. Defendant Chan knowingly misrepresented his background and experience in developing and managing Chinese real estate in the PPM. He did this to induce Plaintiffs' reliance on his expertise so that they would invest in Dragonwood. Plaintiffs' reliance was actual and justified. They have also suffered resulting damage through the loss of the money they invested. Defendant Chan's fraudulent conduct and intentional concealment also occurred with respect to the commingling of funds detailed above. The Dragonwood Operating Agreement represented that the funds invested with the company would not be commingled with the manager's personal assets and that the funds and assets of the company would not be employed in any manner except for the exclusive benefit of the company. These representations were also knowingly false as evidenced by Defendant Chan's commingling of investor funds with his personal accounts and his holding title to the units in his name and his wife's name, both of which occurred almost immediately after the Plaintiffs made their investment. Evidence of his fraudulent intent is also clear in his destruction of all written records regarding the purchase and build-out of the units, as well as his failure to disclose that he had left the company in 2008 and moved back to the United States, thereby essentially abandoning these investment properties.

RJN Exh. 1 (SD at 8:14-9:15). The superior court awarded Plaintiffs the following relief:

> Julie Lam: $212,500 investment plus $160,609 interest. Total $373,109.
>
> Scott Frazer: $150,000 investment plus $113,371 interest. Total $263,371.
>
> Jeff Chang: $75,000 investment plus $56,685 interest. Total $131,686.
>
> Bill &Michelle Chan: $75,000 investment plus $56,685 interest. Total $131,686.

> Tom Velken: $75,000 investment plus $56,685 interest. Total $131,686.
>
> Alan Miller: $75,000 investment plus $56,685 interest. Total $131,686.

RJN Exh. 1 (SD at 14:5-10). The superior court also imposed a constructive trust over Defendant's interest in the properties in China (RJN Exh. 1 (SD at 14:12-13)) and found Plaintiffs to be entitled to punitive damages. RJN Exh. 1 (SD 17:17-18).

After the court in the State Court Case issued its Statement of Decision, Defendant commenced this bankruptcy proceeding. Plaintiffs sought and obtained relief from the automatic stay to procure a monetary judgment in the State Case, including punitive damages as set forth in a stipulation between Plaintiffs and the Chapter 7 Trustee. RJN Exh. 2 (Stipulation for Entry of Judgment); and RJN Exh. 3 (Order for Relief from Stay). Following entry of the order for relief from stay, and based on the stipulation between Plaintiffs and the Chapter 7 Trustee, the superior court entered judgment (the "State Court Judgment") in favor of Plaintiffs and against Defendant awarding Plaintiffs compensatory and punitive damages. RJN Exh. 4 (Judgment of the Contra Costa County Superior Court).

Plaintiffs also filed this adversary action, in which they assert 11 U.S.C.A. §§ 523(a)(2)(A) and (a)(6) claims for relief, as established by this Court's June 18, 2018 order granting in part and denying in part Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint. RJN Exh. 5 (Order Granting in Part and Denying in Part Defendant's Motion to Dismiss and Order Continuing Status Conference entered in this action on June 19, 2018).

During the pendency of this matter, Defendant appealed the State Court judgment. On December 10, 2018, the California Court of Appeal dismissed his appeal as untimely, and held that Defendant was barred from filing another appeal. RJN Exh. 6 (Decision of the California Court of Appeal in the State Court Case).

Following the ruling of the Court of Appeal, Defendant filed a petition for review with the California Supreme Court. On February 18, 2019 the California Supreme Court denied Defendant's petition for review. RJN Exh. 7 (Order of the California Supreme Court in the State Court Case). On March 4, 2019 the California Court of Appeal issued a remittitur certifying that

the decision entered in the State Court Case is final. RJN Exh. 8 (Remittitur of the California Court of Appeal in the State Court Case).

**III. ARGUMENT**
   **A.   *Issue preclusion (collateral estoppel) prevents reconsideration of the issues decided by the State Court and conclusively establishes the validity of Plaintiffs' claims in this action and bars Defendant's motion for summary judgment.***

A prior state court judgment has issue preclusive effect in dischargeability proceedings. *Grogan v. Garner,* 498 U.S. 279, 284–85 & n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (holding that the doctrine of issue preclusion applies in bankruptcy court actions seeking to except debts from discharge); *Bugna v. McArthur (In re Bugna),* 33 F.3d 1054, 1056 (9th Cir.1994); see also *In re Khaligh,* 338 B.R. 817, 832 (9th Cir. BAP 2006).

So long as a creditor demonstrates that the elements of issue preclusion are satisfied, the bankruptcy court must apply collateral estoppel on an issue fully and fairly litigated in another court. *In re Bugna, 33 F.3d at 1057-58.* In this case, the State Court Judgment has issue preclusive effect. The elements of the Plaintiffs' claims in this case are all conclusively established by that Judgment. As a result, the claims may not be relitigated, and the Court must deny Defendant's motion for summary judgment, and instead enter judgment in favor of the Plaintiffs on those claims as demonstrated in the Plaintiffs' motion for summary judgment. .

   **B.   *California's law of collateral estoppel applies in this case to give issue preclusive effect to the State Court Judgment, establishing the elements of the Plaintiffs' nondischargeability claims***

In determining the collateral estoppel effect of a state court judgment, federal courts apply that state's law of collateral estoppel." *Id.* at 1057; *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75 (1984) (Federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered."); *Nourbakhsh,* 67 F.3d , 798, 800 (9th Cir. 1995) (*citing Marrese v. Am. Academy of Orthopaedic Surgeons,* 470 U.S. 373 (1985) and 28 U.S.C. § 1738, the Full Faith and Credit statute).

Under California collateral estoppel law, the State Court Judgment has collateral estoppel effect with respect to the Plaintiffs' nondischargeability claims in this case. Specifically its rulings in favor of the Plaintiffs on their fraud claims in the State Court Case establish each

5

OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Case: 18-04060   Doc# 57   Filed: 04/19/19   Entered: 04/19/19 14:57:29   Page 9 of 16

element of the nondischargeability claims in this case. As a result, summary judgment in favor of the Plaintiffs is appropriate on the nondischargeability claims.

Under California law, the application of collateral estoppel requires that:

> (1) The issue sought to be precluded from relitigation must be identical to that decided in a former proceeding;
>
> (2) The issue must have been actually litigated in the former proceeding;
>
> (3) It must have been necessarily decided in the former proceeding;
>
> (4) The decision in the former proceeding must be final and on the merits; and
>
> (5) The party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Clark v. Bear Stearns & Co., Inc.,* 966 F.2d 1318, 1320 (9th Cir.1992)*; In re Kelly,* 182 B.R. 255, 258 (9th Cir. BAP 1995), *aff'd,* 100 F.3d 110 (9th Cir.1996); *see also Lucido v. Superior Court,* 51 Cal.3d 335, 341 (1990), *cert. denied,* 500 U.S. 920, 111 S.Ct. 2021, 114 L.Ed.2d 107 (1991). If these elements are satisfied, the first judgment "operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action." *Todhunter v. Smith*, 219 C. 690, 695 (1934)

Each of these elements is satisfied in this case with respect to both the Plaintiffs' § 523(a)(2)(A) and the § 523(a)(6) claims asserted in this case.

There is no doubt that the elements of the fraud claims were actually litigated and necessarily decided in the State Case, as those claims were tried to judgment. SD at 8:7-12. "The Restatement Second of Judgments provides: 'When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.' (Rest.2d Judgments, § 27, p. 250.)" (*Barker v. Hull*, 191 Cal.App.3d 221, 226 (1987), *quoting* Rest.2d, Judgments § 27, Comment d. As a result, the second and third elements of collateral estoppel are satisfied.

Also, the State Court Judgment is final and free from further review, as defendant has exhausted his appeals. "For purposes of collateral estoppel, a judgment free from direct attack is a final judgment." *Mueller v. J. C. Penney Co.* 173 Cal.App.3d 713, 719 (1985). Indeed, following

the California Court of Appeals' dismissal of defendant's appeal, and the California Supreme Court's denial of his petition for review, the remittitur of the Court of Appeal vested finality to the State Court Judgment. *Gallenkamp v. Superior Court*, 221 Cal.App.3d 1, 10 (1990); *see* RJN Exhs. 6-8. As a result, the fourth element of collateral estoppel is satisfied.

There is also no doubt that the same parties are involved in both proceedings; the plaintiffs and the defendant in this case are identical to the parties, and in the same posture, as in the State Case. As a result, the fifth element of collateral estoppel is satisfied.

Thus, the second through fifth elements of collateral estoppel are satisfied. As discussed in detail in below, the first element of collateral estoppel is also met, as each element of the Plaintiffs' §523(a)(2)(A) and the § 523(a)(6) claims was decided in the State Court Judgment's ruling on the Plaintiffs' causes of action for intentional fraud and deceit and for negligent misrepresentation.

### C. The elements of the Plaintiffs' § 523(a)(2)(A) claim are all decided in the State Court Judgment

A judgment which finds that the elements of fraud under California law exist also establishes that elements of nondischargeable fraud in bankruptcy under § 523(a)(2)(A) exist, because the elements of California civil fraud are identical to the essential elements of nondischargeable fraud in bankruptcy under § 523(a)(2)(A). *In re Franklin*, 179 B.R. 913, 928 (Bankr. E.D. Cal. 1995).

To establish that a debt is nondischargeable, plaintiffs must show that (1) the debtor made the representations; (2) at the time he knew they were false; (3) he made them with the intention and purpose of deceiving the creditor; (4) the creditor relied on such representations; and (5) the creditor sustained alleged loss and damage as the proximate result of such representations. *In re Diamond,* 285 F.3d 822 (9th Cir.2002). These elements "mirror the elements of common law fraud" and match those for actual fraud under California law, which requires that plaintiffs show: (1) misrepresentation; (2) knowledge of the falsity of the representation; (3) intent to induce reliance; (4) justifiable reliance; and (5) damages.[2] *In re Jogert, Inc.,* 950 F.2d 1498, 1504 (9th

---

[2] Under California law, the elements of promissory fraud are identical to the elements of common law fraud. *Service by Medallion, Inc. v. Clorox Co.,* 44 Cal.App.4th 1807, 1816 (1996).

7

Cir.1991) (*quoting Stewart v. Ragland,* 934 F.2d 1033, 1043 (9th Cir.1991)); *see also Younie v. Gonya (In re Younie),* 211 B.R. 367, 373–74 (9th Cir. BAP 1997), *aff'd,* 163 F.3d 609 (9th Cir.1998) (table decision).

The State Court Judgment ruled in favor of plaintiffs on each of the elements of their fraud claims, finding in their favor on each of the elements of their claim for Intentional Fraud and Deceit as follows:

> Intentional Fraud and Deceit
>
> The elements of fraud are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." 9 Witkin Sum. Cal. Law Torts § 772. "It is not essential to liability for fraud that the person charged should have received any benefit." Ibid.
>
> All of the elements of fraud are present in this case. Defendant Chan knowingly misrepresented his background and experience in developing and managing Chinese real estate in the PPM. He did this to induce Plaintiffs' reliance on his expertise so that they would invest in Dragonwood. Plaintiffs' reliance was actual and justified. They have also suffered resulting damage through the loss of the money they invested. Defendant Chan's fraudulent conduct and intentional concealment also occurred with respect to the commingling of funds detailed above. The Dragonwood Operating Agreement represented that the funds invested with the company would not be commingled with the manager's personal assets and that the funds and assets of the company would not be employed in any manner except for the exclusive benefit of the company. These representations were also knowingly false as evidenced by Defendant Chan's commingling of investor funds with his personal accounts and his holding title to the units in his name and his wife's name, both of which occurred almost immediately after the Plaintiffs made their investment. Evidence of his fraudulent intent is also clear in his destruction of all written records regarding the purchase and build-out of the units, as well as his failure to disclose that he had left the company in 2008 and moved back to the United States, thereby essentially abandoning these investment properties.

RJN Exh. 1 (SD at 8:14-9:15). In short, the State Court Judgment decides, in Plaintiffs' favor that there was, by Defendant: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage," which constitute each of the elements each of the elements that establish a debt is nondischargeable: (1) the debtor made the representations; (2) at the time he knew they were false; (3) he made them with the intention and

purpose of deceiving the creditor; (4) the creditor relied on such representations; and (5) the creditor sustained alleged loss and damage as the proximate result of such representations.[3] *In re Diamond,* 285 F.3d at 827.

In sum, the superior court's final judgment expressly and in detail decides each of the elements of actual fraud under California law, which necessarily decides the identical elements of nondischargeable fraud in bankruptcy under § 523(a)(2)(A). The elements of Plaintiffs' § 523(a)(2)(A) claim are therefore established and may not be relitigated, and judgment in favor of Plaintiffs on that claim is proper as a matter of law.

### D. The elements of the Plaintiffs' § 523(a)(6) claim are also decided in the State Court Judgment because it awards punitive damages for fraud

The State Court Judgment also establishes the elements of nondischargeability under § 523(a)(6) because it awards the Plaintiffs punitive damages. The elements of nondischargeability under § 523(a)(6) elements are: (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse. *In re Cecchini,* 780 F.2d 1440 (9th Cir.1986). This definition does not require malice or a showing of an intent to injure, but rather it requires only an intentional act which causes injury. *In re Bammer,* 131 F.3d 788, 791 (9th Cir.1997).

An award by a California court of punitive damages for fraud necessarily includes a finding of malice and thus satisfies that element under § 523(a)(6). *In re Molina*, 228 B.R. 248, 251–52 (B.A.P. 9th Cir. 1998). That is because under Cal.Civ.Code § 3294 intent to injure is a prerequisite to such an award. Cal.Civ.Code § 3294 provides in relevant part as follows:

> (a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.
>
> ....
>
> (c) As used in this section, the following definitions shall apply:
>
> ....

---

[3] The element of damages is established, of course, because the superior court granted the Plaintiffs damages. RJN Exh. 1 (SD at 14:5-10); RJN Exh. 4 (State Court Judgment at 2:8-17 and 17:5-10).

9

> (3) 'Fraud' means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Thus, an award of punitive damages under Cal.Civ.Code § 3294 establishes three of the four elements of nondischargeability under § 523(a)(6): a wrongful act, done intentionally, and intended to injure. *In re Molina*, 228 B.R. at 251–52.

Thus, in this case, the superior court's finding that Plaintiffs were entitled to punitive damages established that Defendant engaged in: a wrongful act, done intentionally, and intended to injure.[4] RJN Exh. 1 (SD 17:17-18); RJN Exh. 4 (State Court Judgment at 2:15-17). The superior court's award of damages to the Plaintiffs established the fourth element of Plaintiffs' § 523(a)(6) claim. RJN Exh. 1 (SD at 14:5-10; RJN Exh. 4 (State Court Judgment at 2:8-17 and 17:5-10). Thus, the State Court Judgment established each of the elements of nondischargeability under § 523(a)(6). Its findings have collateral estoppel in this case and are binding, and as a result judgment in favor of Plaintiffs on this claim too, is proper as a matter of law.

### E. This Court may not sidestep collateral estoppel by reviewing the issues conclusively decided by the final State Court judgment as though it were a court of appeal.

In his motion, Defendant invites this Court to review the rulings of the State Court as a court of appeal. However, the Court has no jurisdiction to do so. To the contrary, under the Rooker-Feldman doctrine, this court has no authority to review the final determinations of a state court in judicial proceedings.[5] *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986); *District of Columbia Court of Appeals v. Feldman,* 103 S. Ct. 1303, 1311, 460 U.S. 462, 476 (1983); see also *Atlantic Coast Line R. Co. v. Locomotive Engineers*, 90 S. Ct. 1739, 1748,

---

[4] The superior court ruled in its Statement of Decision that the Plaintiffs were entitled to punitive damages, but left the amount to be determined at a later phase of the case. The amount was ultimately decided by stipulation between the Plaintiffs and the Chapter 7 Trustee.

[5] Original and exclusive jurisdiction of all cases under Title 11 of the United States Code (i.e., all bankruptcy cases) (28 USC § 1334(a)); and original, but not exclusive, jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11 (28 USC § 1334(b)). Additionally, the district court in which a case under Title 11 is commenced has exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of the case, and of property of the estate (28 USC § 1334(e)(1)); and exclusive jurisdiction over all claims or causes of action that involve employment of professionals under 11 USC § 327 and disclosure requirements thereunder (28 USC § 1334(e)(2)).

398 U.S. 281, 296 (1970) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). As discussed above, the State Court Judgment is final, as Defendant unsuccessfully exhausted all appellate review of that judgment. Thus, this Court may not re-examine it.

As a result, for this reason too, in addition to its being binding by the doctrine of collateral estoppel, this Court may not review, re-examine, re-consider the State Court Judgment. Indeed, this Court may not (as Defendant improperly appears to be inviting it to do) sidestep the doctrine of collateral estoppel.

### F. *Defendant's motion is not a motion for summary judgment because it asks the Court to adjudicate matters which were disputed in the State Court trial.*

A motion for summary judgment provides a procedure for terminating without trial actions in which "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). Of course, in this case there is no genuine dispute as to any material fact because they are all established by collateral estoppel. Defendant, instead, asks the Court to review and adjudicate conflicting and contested testimony at trial. That is not the purpose of a motion for summary judgment. It would instead be effectively a trial on the papers. However, the Court may not re-try this case, or reconsider the issue or underlying evidence, because they are conclusively established by collateral estoppel as discussed above.

### IV. CONCLUSION

For the reasons set forth above the Court should deny defendant's motion for summary judgment. First, the claims in this case are conclusively established by collateral estoppel, and therefore may not be re-adjudicated. Moreover, even if this Court could re-adjudicate those claims, it has no authority to re-examine the State Court's final judgment or try the facts of the case on a motion such as this.

The Court should therefore deny Defendant's motion for summary judgment, and instead grant the Plaintiffs' motion for summary judgment, and enter judgment in their favor on their claims in this case.

Dated: April 19, 2019              Ramsey Law Group

                                        /s/ Hussein Saffouri

| | | |
|---|---|---|
| 1 | | Attorneys for Julie Lam and Jeff Chang |
| 2 | | |
| 3 | Dated: April 19, 2019 | Walsh Law Firm |
| 4 | | /s/ James R. Walsh |
| 5 | | Attorneys for Michael Scott Frazer, Alan Miller, William Chan, Michelle Chan, Jeff Chang, Tomas Velken and Julie Lam |

12